UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARNA PAINTSIL ANNING,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE AUTO FINANCE,<br><br>Defendant. | Case No. 19-cv-01686-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

Plaintiff Marna Paintsil Anning filed the instant case against Defendant Capital One Auto Finance, asserting violations of the Fair Credit Reporting Act ("FCRA"). (*See* First Amend. Compl. ("FAC"), Dkt. No. 20.) On June 21, 2019, Defendant filed the instant motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 22.)

The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Upon consideration of the parties' arguments and the applicable legal authority, and for the reasons set forth below, the Court GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff alleges that on July 6, 2014, Plaintiff purchased a vehicle, obtaining financing from Defendant. (FAC ¶ 6.) Plaintiff's payments were due on the 20th of each month, with a 10-day grace period. (FAC ¶¶ 6-7.) After Defendant changed Plaintiff's due date to the 27th of each month, Plaintiff asked Defendant to change her due date to the 1st of each month; Defendant agreed to make the change but failed to do so. (FAC ¶¶ 8, 9.)

In May 2015, Plaintiff became unemployed and made several late payments, falling behind on her payment schedule by thirty days. (FAC ¶ 11.) In September 2015, Defendant received a credit against Plaintiff's account due to a refund from the dealer. Although the credit exceeded

two months' payments, Defendant continued to hold Plaintiff's account in delinquent status. (FAC ¶ 11.) In October 2015, Plaintiff brought her account to current status, but Defendant continued to report Plaintiff as past due to the credit bureaus. (FAC ¶ 11.)

In January 2016, Plaintiff called Defendant to dispute her account status. (FAC ¶ 12.) Defendant offered Plaintiff a payment plan where she could skip that month's payment but accelerate one payment to the following month, such that Plaintiff would no longer incur late payment penalties. In February 2016, Plaintiff made a partial accelerated payment, but was unable to make the remainder of the payment. Plaintiff continued to make regular payments, but discovered in April 2016 that Defendant was reporting her 90 days past due. (FAC ¶ 12.)

In May 2016, Plaintiff contacted Defendant for an accounting of her past payments. (FAC ¶ 13.) She also disputed her payment record in light of the dealer credit. Defendant, however, failed to credit the dealership payments. (FAC ¶ 13.) Defendant also continued to maintain the accelerated payment on Plaintiff's statements. (FAC ¶ 14.)

In November 2016, Plaintiff paid all sums due, including the accelerated payment, and continued to make timely payments until November 2018. (FAC ¶¶ 14, 16.) In July 2018, however, Plaintiff was denied a line of credit because Defendant had reported her note to be in arrears past sixty days, even though her account was current. (FAC ¶ 15.)

In November 2018, Plaintiff missed a payment, but made a double payment in December 2018. (FAC ¶ 16.) Defendant, however, marked her December 2018 payment late starting in February 2019. (FAC ¶ 16.) Around January 2019, Plaintiff contacted Defendant to dispute the accuracy of the information being reported, and requested that Defendant conduct an internal investigation to correct the "late" status of her December payment. (FAC ¶ 18.) Defendant declined to make any corrections to her status. (FAC ¶ 18.) In February 2019, Plaintiff received a notification that her credit score had dropped eighty points. (FAC ¶ 17.)

Plaintiff then filed the instant case in small claims court. (*See* Not. of Removal, Dkt. No. 1.) Defendant removed the case to federal court, and moved for dismissal. (*See* Dkt. No. 9.) The Court granted Defendant's motion to dismiss, after Plaintiff conceded her initial complaint was inadequate. (May 15, 2019 Ord. at 1-2, Dkt. No. 19.) The Court gave Plaintiff leave to file an

2

1 amended complaint.

2 On June 7, 2019, Plaintiff filed the operative complaint. On June 21, 2019, Defendant filed the instant motion to dismiss the complaint. On July 18, 2019, Plaintiff filed her opposition. (Plf.'s Opp'n, Dkt. No. 27.) On July 25, 2019, Defendant filed its reply. (Def.'s Reply, Dkt. No. 28.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's

liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

If the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

15 U.S.C. § 1681s-2 "sets forth responsibilities of furnishers of information to consumer reporting agencies, delineating two categories of responsibilities." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (internal quotation and modification omitted). "Subsection (a) details the duty to provide accurate information," but contains no private right of action. *Id.* Under subsection (b), however, a person has standing to pursue a claim because this section imposes additional obligations (such as a duty of investigation) on credit information furnishers, only after they have been notified by a consumer reporting agency ("CRA") that the consumer disputes the accuracy of the credit information furnished. *Id.* To allege a violation for failure to conduct a reasonable investigation, a plaintiff must generally allege: "(1) the furnisher provided inaccurate information to a CRA; (2) a CRA notified the furnisher of the dispute; and (3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information." *Finley v. Capital One*, 16-cv-1392-YGR, 2017 WL 2903141, at *2 (N.D. Cal. July 7, 2017) (citing *Gorman*, 584 F.3d at 1154-61).

Defendant argues that Plaintiff's complaint fails because Plaintiff does not allege she initiated a dispute with a CRA. (Def.'s Mot. to Dismiss at 7.) The Court agrees. While Plaintiff generally alleges she disputed the accuracy to the CRAs, Plaintiff alleges no facts in support. (*See* FAC ¶ 1.) In her opposition, however, Plaintiff states that she made complaints to Experian regarding disputes with Defendant's reporting of her accounts between September and October 2016, as well as in March 2019. (Plf.'s Opp'n at 3.) Thus, amendment is not futile, and the Court GRANTS Defendant's motion to dismiss with leave to amend.[1]

---

[1] In its reply, Defendant argues that any claims based on the September and October 2016 reports may be time-barred, and that the March 2019 report occurred after the complaint was filed.

4

Defendant also argues that Plaintiff's complaint fails because Plaintiff has not alleged that Defendant in fact furnished any inaccurate information. (Def.'s Mot. to Dismiss at 8.) Defendant focuses solely on the November and December 2018 payments, arguing that Plaintiff has admitted that the November 2018 payment was late. (*Id.* at 10.) While true, as Plaintiff points out in her opposition, her complaint is focused on Defendant labeling the *December* 2018 payment late, not the November 2018 payment. (Plf.'s Opp'n at 4.) Additionally, Defendant does not address Plaintiff's other allegations, including that Defendant allegedly reported her account as past due in 2016 due to the accelerated payment, and that Plaintiff's account was in arrears past 60 days in July 2018 despite Plaintiff's account being current. (FAC ¶¶ 12-15.)

Finally, Defendant contends that Plaintiff has not alleged that Defendant did not conduct a reasonable investigation. (Def.'s Mot. to Dismiss at 7-8.) Defendant, however, relies on cases that did not allege any plausible facts as to the claim. For example, in *Berberyan v. Asset Acceptance, LLC*, the plaintiff alleged that the defendant could not collect on her account without offering "proof of the right to collect," even though no such requirement existed. No. CV 12-4417-CAS (PLAx), 2013 WL 1136525, at *5 (C.D. Cal. Mar. 18, 2013). In such circumstances, it was unclear how the defendant had not performed a reasonable investigation. *Id.* Likewise, in *Iyigun v. Calvary Portfolio Servs., LLC*, the plaintiff failed to even identify the inaccuracies at

---

(Def.'s Reply at 4.) Per 15 U.S.C. § 1681p, an action must be brought on the earlier of: (1) two years after the date of discovery of the violation, or (2) five years after the date on which the violation occurred. Any violation in this case occurred when Defendant failed to conduct a reasonable investigation, not when Plaintiff first *reported* the violation. *See Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1110-11 (9th Cir. 2012) (finding that the district court erred in barring the plaintiff's claim under the statute of limitations because "[e]ven if the CRA had 'passed on the relevant information,' [the plaintiff] did not know what information was available to the bank for its investigation, and had no basis in June 2004 to judge whether the investigation was reasonable. In fact, the record falls short of showing even that [the plaintiff] knew that [the defendant]'s investigation had concluded.").

As to the March 2019 report, the Court finds that it is a matter of judicial efficiency to allow Plaintiff to amend to include this report, rather than requiring a new lawsuit. The facts that the March 2019 report are based upon -- specifically the December 2018 payment -- are already alleged in this case, having occurred prior to the filing of the suit.

Further, in its reply, Defendant suggests Plaintiff must allege that the CRA actually contacted it. (Def.'s Reply at 4.) Defendant cites no authority for this proposition, and the Court notes that the FCRA imposes a duty on the CRA to promptly provide notice of the dispute to the furnisher of information. *See Gorman*, 584 F.3d at 1154.

5

issue. No. CV-12-8682-MWF (JEMx), 2013 WL 950947, at *1 (C.D. Cal. Mar. 12, 2013).

The Court finds the instant case more comparable to *Fischer v. SunTrust Mortgage Inc.* There, the plaintiff alleged that the defendant had inaccurately reported the debt on his credit report as a charge off. No. CV-15-2075-PHX-JJT, 2016 WL 2746978, at *1 (D. Ariz. May 10, 2016). He further alleged that despite receiving notification and supporting details of the dispute, the defendant took no action and made no changes to the reported information. *Id.* at *4. Thus, the plaintiff had "allege[d] specific inaccuracies with [the defendant's] reporting, indicate[d] that he did not receive any response from [the defendant] regarding his dispute, and allege[d] that his credit report remains unchanged at the time he filed his Amended Complaint." *Id.* Such facts were sufficient to survive a motion to dismiss.

Here, Plaintiff has provided specific details of the alleged inaccuracies, and stated that Defendant continued to report inaccurate information even after Plaintiff disputed the accuracy of the information being reported and requested that Defendant conduct an investigation. (*See* FAC ¶¶ 12-13, 18.) At the pleading stage, and given Plaintiff's pro se status, the Court finds this sufficient to allege the lack of a reasonable investigation. This is particularly the case where, without the benefit of discovery, Plaintiff is unable to get further information about what Defendant specifically did in the investigation.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss with leave to amend. Specifically, Plaintiff must provide facts as to her disputing the accuracy of the information to a CRA. Plaintiff's amended complaint is due by **September 5, 2019**.

IT IS SO ORDERED.

Dated: July 31, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge