UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARNA PAINTSIL ANNING,<br>Plaintiff,<br>v.<br>CAPITAL ONE AUTO FINANCE,<br>Defendant. | Case No. 19-cv-01686-KAW<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 36 |

Plaintiff Marna Paintsil Anning filed the instant case against Defendant Capital One Auto Finance, asserting violations of the Fair Credit Reporting Act ("FCRA"). (*See* Second Amend. Compl. ("SAC"), Dkt. No. 35.) On September 12, 2019, Defendant filed the instant motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 36.)

The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Upon consideration of the parties' arguments and the applicable legal authority, and for the reasons set forth below, the Court DENIES Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff alleges that on July 6, 2014, Plaintiff purchased a vehicle, obtaining financing from Defendant. (SAC ¶ 6.) Plaintiff's payments were due on the 20th of each month, with a 10-day grace period. (SAC ¶¶ 6-7.) After Defendant changed Plaintiff's due date to the 27th of each month, Plaintiff asked Defendant to change her due date to the 1st of each month; Defendant agreed to make the change but failed to do so. (SAC ¶¶ 8-9.)

In May 2015, Plaintiff became unemployed and made several late payments, falling behind on her payment schedule by thirty days. (SAC ¶ 11.) In September 2015, Defendant received a credit against Plaintiff's account due to a refund from the dealer. Although the credit exceeded

two months' payments, Defendant continued to hold Plaintiff's account in delinquent status. (SAC ¶ 11.) In October 2015, Plaintiff brought her account to current status, but Defendant continued to report Plaintiff as past due to the credit bureaus. (SAC ¶ 11.)

In January 2016, Plaintiff called Defendant to dispute her account status. (SAC ¶ 12.) Defendant offered Plaintiff a payment plan where she could skip that month's payment but accelerate one payment to the following month, such that Plaintiff would no longer incur late payment penalties. In February 2016, Plaintiff made a partial accelerated payment, but was unable to make the remainder of the payment. Plaintiff continued to make regular payments, but discovered in April 2016 that Defendant was reporting her 90 days past due. (SAC ¶ 12.)

In May 2016, Plaintiff contacted Defendant for an accounting of her past payments. (SAC ¶ 13.) She also disputed her payment record in light of the dealer credit. Defendant, however, failed to credit the dealership payments. (SAC ¶ 13.) Defendant also continued to maintain the accelerated payment on Plaintiff's statements. (SAC ¶ 15.) Between September and October 2016, Plaintiff made several complaints to Experian regarding Defendant's reporting of her account payment history. (SAC ¶ 14.)

In November 2016, Plaintiff paid all sums due, including the accelerated payment, and continued to make timely payments until November 2018. (SAC ¶¶ 15-16.) In July 2018, however, Plaintiff was denied a line of credit because Defendant had reported her note to be in arrears past sixty days, even though her account was current. (SAC ¶ 16.)

In November 2018, Plaintiff missed a payment, but made a double payment in December 2018. (SAC ¶ 17.) Defendant, however, marked her December 2018 payment late starting in February 2019. (SAC ¶ 17.) In February 2019, Plaintiff received a notification that her credit score had dropped eighty points. (SAC ¶ 18.) That same month, she contacted Defendant to dispute the accuracy of the information reported, and requested that Defendant conduct an internal investigation to correct the "late" status of her December payment. (SAC ¶ 19.) Defendant declined to make any corrections. (SAC ¶ 19.) In March 2019, Plaintiff made additional complaints to Experian regarding her disputes with Defendant's reporting of Plaintiff's account payment history. (SAC ¶ 21.)

United States District Court
Northern District of California

In February 2019, Plaintiff filed the instant case in small claims court. (*See* Not. of Removal, Dkt. No. 1.) Defendant removed the case to federal court, and moved for dismissal. (*See* Dkt. No. 9.) The Court granted Defendant's motion to dismiss, after Plaintiff conceded her initial complaint was inadequate. (May 15, 2019 Ord. at 1-2, Dkt. No. 19.) The Court gave Plaintiff leave to file an amended complaint.

On June 7, 2019, Plaintiff filed her first amended complaint. Defendant then moved for dismissal. (Dkt. No. 22.) On July 31, 2019, the Court granted Defendant's motion, but only on the ground that Plaintiff did not allege she had initiated a dispute with a CRA. (July 31, 2019 Ord. at 4, Dkt. No. 30.) Because Plaintiff stated in her opposition that she had made complaints to Experian in September and October 2016, as well as in March 2019, the Court found amendment was not futile. (*Id.*) The Court rejected Defendant's arguments that Plaintiff had failed to allege that Defendant furnished any inaccurate information, and that Plaintiff had failed to allege that Defendant did not conduct a reasonable investigation. (*Id.* at 5-6.)

On August 29, 2019, Plaintiff filed her second amended complaint. Defendant again moved for dismissal. On September 30, 2019, Plaintiff filed her opposition. (Pl.'s Opp'n, Dkt. No. 40.) On October 7, 2019, Defendant filed its reply. (Def.'s Reply, Dkt. No. 43.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

If the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

15 U.S.C. § 1681s-2 "sets forth responsibilities of furnishers of information to consumer reporting agencies, delineating two categories of responsibilities." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (internal quotation and modification omitted). "Subsection (a) details the duty to provide accurate information," but contains no private right of action. *Id.* Under subsection (b), however, a person has standing to pursue a claim because this section imposes additional obligations (such as a duty of investigation) on credit information furnishers, only after they have been notified by a consumer reporting agency ("CRA") that the consumer disputes the accuracy of the credit information furnished. *Id.* To allege a violation for failure to conduct a reasonable investigation, a plaintiff must generally allege: "(1) the furnisher provided inaccurate information to a CRA; (2) a CRA notified the furnisher of the dispute; and (3) the furnisher failed to conduct a reasonable investigation into the

4

accuracy of the disputed information." *Finley v. Capital One*, 16-cv-1392-YGR, 2017 WL 2903141, at *2 (N.D. Cal. July 7, 2017) (citing *Gorman*, 584 F.3d at 1154-61).

Defendant argues that Plaintiff's complaint fails because she does not allege that Defendant failed to conduct a reasonable investigation in response to any particular dispute. (Def.'s Mot. to Dismiss at 8.) Specifically, Defendant contends Plaintiff does not specify the inaccuracies she reported to the CRA, nor does she allege that Defendant's investigation was unreasonable.

The Court disagrees. In the July 31, 2019 order, the Court already rejected Defendant's argument that Plaintiff had failed to allege that Defendant did not conduct a reasonable investigation. (July 31, 2019 Ord. at 5-6.) The Court explained:

> Here, Plaintiff has provided specific details of the alleged inaccuracies, and stated that Defendant continued to report inaccurate information even after Plaintiff disputed the accuracy of the information being reported and requested that Defendant conduct an investigation. (*See* FAC ¶¶ 12-13, 18.) At the pleading stage, and given Plaintiff's pro se status, the Court finds this sufficient to allege the lack of a reasonable investigation. This is particularly the case where, without the benefit of discovery, Plaintiff is unable to get further information about what Defendant specifically did in the investigation.

(*Id.* at 6; *see also Fischer v. SunTrust Mortgage Inc.*, No. CV-15-2075-PHX-JJT, 2016 WL 2746978, at *4 (D. Ariz. May 10, 2016).)

The same analysis applies here. With respect to the September and October 2016 complaints to Experian, Plaintiff has described with specificity the various disputes in the preceding paragraphs. (SAC ¶¶ 11-14.) While Plaintiff may not specifically state that Plaintiff complained about those disputes to Experian, it is certainly reasonable to assume Plaintiff is referring to the disputes she already described, especially when construing the pleadings liberally (as the Court must, given Plaintiff's pro se status). *See Hebbe v. Piler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiff also states that even after she complained, Defendant continued to report the allegedly inaccurate information. (SAC ¶15.) Thus, Plaintiff has sufficiently stated a FCRA

claim.[1]

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: December 6, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] With respect to the February 2019 complaints, Defendant correctly notes that Plaintiff does not allege any facts to suggest the inaccurate information was still being reported. As Plaintiff has stated a claim with respect to the September and October 2016 disputes, the Court finds dismissal is not warranted.